**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4114**

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

RANDY TERRY,

                              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (CR-99-515)

Submitted:  June 19, 2003          Decided:  June 24, 2003

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Randy Terry appeals from the district court's order revoking his supervised release and sentencing him to nine months' imprisonment after he admitted to four violations of his supervised release. Terry's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal, but raising the issue of whether the district court abused its discretion by revoking Terry's supervised release and imposing a nine-month sentence. Terry has filed a pro se supplemental brief arguing that his underlying conviction was not valid, and therefore the subject nine-month revocation sentence is also invalid. Finding no meritorious issues and no error by the district court, we affirm the revocation order and the nine-month sentence.

In light of Terry's admission that he committed the alleged violations of his supervision, we find no abuse of discretion by the district court in revoking Terry's supervised release and imposing a nine-month sentence. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2003); United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995).

Terry seeks to challenge the sufficiency of the evidence to support his underlying conviction for wire fraud. "[A] supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation." United

States v. Hofierka, 83 F.3d 357, 363 (11th Cir. 1996); see United States v. Thomas, 934 F.2d 840, 846 (7th Cir. 1991).

In accordance with Anders, we have independently reviewed the entire record and find no meritorious issues for appeal. Accordingly we affirm the district court's order revoking Terry's supervised release and imposing a nine-month sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED